HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB BOWMAN,

    Petitioner,

  v.

KEVIN MILYARD,

    Respondent.

CASE NO. C08-0743RAJ

ORDER

The court has reviewed the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler (Dkt. # 23). The R&R recommends that the court dismiss Petitioner Jacob Bowman's habeas petition with prejudice because he did not timely file it in accordance with 28 U.S.C. § 2244(d)(1). The court has reviewed the R&R and Mr. Bowman's objections thereto. For the foregoing reasons, the court ADOPTS the R&R and DISMISSES Mr. Bowman's petition with prejudice.

The court begins by noting that the R&R is well-reasoned and provides an excellent summary of the relevant law. The court adopts the R&R in its entirety. As stated in the R&R, more than one year passed between the final decision of the Washington courts on the direct appeal of Mr. Bowman's conviction for drive by shooting and second degree felony murder and Mr. Bowman's filing of a personal restraint petition ("PRP"). Washington generally requires that a petitioner file a PRP

ORDER – 1

within one year of the final decision. RCW 10.73.090(1). Mr. Bowman attempted to rely on the exception found at RCW 10.73.100(6), which permits a PRP outside the one-year limitations period when the PRP seeks relief based on a retroactive change in controlling law. In a review that culminated with a decision of the Washington Supreme Court, the state courts determined that controlling law had not changed, and thus Mr. Bowman's PRP was untimely. *In re Personal Restraint of Bowman*, 162 P.3d 325, 335 (Wash. 2007) (holding that drive by shooting could serve as a predicate crime for second degree felony murder). Mr. Bowman then turned to the federal courts, filing the instant 28 U.S.C. § 2254 habeas petition.

The R&R recommends that the court dismiss Mr. Bowman's federal habeas petition as untimely. The court concurs with the recommendation. Federal law obligated Mr. Bowman to file his habeas petition within one year after the date the state court judgment became final after direct appeal. 28 U.S.C. § 2244(d)(1). Federal law also tolls the one-year limitations period during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). But, even if Mr. Bowman's PRP was "properly filed" (an issue the court need not decide), he still filed it well more than a year after the final judgment of the state courts on direct appeal.

The court writes separately to address Mr. Bowman's objection to the R&R, which raises an issue that the R&R had no occasion to discuss. Mr. Bowman contends that he is not challenging determinations of state law made in state court, but rather asserting that the state courts reviewing his PRP violated his rights to due process and equal protection under the Ex Post Facto Clause and the Fifth and Fourteenth Amendments to the United States Constitution when they denied his PRP. Mr. Bowman contends, if only implicitly, that he has no recourse for these Constitutional violations if this court refuses to hear his habeas claim.

A set of principles known as the Rooker-Feldman doctrine generally bars a federal court other than the Supreme Court from reviewing the determinations of a state court.

ORDER – 2

*Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000) ("At its core, the Rooker-Feldman doctrine stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction."). Generally, a litigant seeking federal review of a state court judgment must petition the Supreme Court for a writ of certiorari. *Id.* Rooker-Feldman is a statutory doctrine, however, and is thus subject to modification by statute. Federal habeas corpus statutes create a system of lower federal court review of state court judgments. *Id.* at 1079 ("[H]abeas corpus is not an 'exception' to Rooker-Feldman, but a procedure with roots in statutory jurisdiction parallel to – and in no way precluded by – the doctrine.").

Mr. Bowman's contention that the state courts made a constitutional error in holding his PRP untimely falls outside the federal habeas system. Federal habeas statutes do not provide for all-encompassing review of every state court criminal judgment. The review is only as broad as the habeas statutes provide. One critical boundary on the scope of that review is the one-year limitations period of 28 U.S.C. § 2254(d)(1)(A). There is no exception to the one-year limitations period that applies to Mr. Bowman. Mr. Bowman's assertion that the Washington courts violated the Constitution by rejecting his PRP can be heard only in the United States Supreme Court. *See*, *e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 330 (2007) (considering petitioner who filed both federal habeas petition and petition for certiorari review of state court's denial of post-conviction relief).

For the reasons stated above, the court adopts the R&R (Dkt. # 23) despite Mr. Bowman's objections (Dkt. # 24). The court DISMISSES this action with prejudice, and directs the clerk to enter judgment in favor of Respondent.

DATED this 23rd day of February, 2009.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3