HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB BOWMAN,

    Petitioner,

v.

KEVIN MILYARD,

    Respondent.

CASE NO. C08-0743RAJ

ORDER

This matter comes before the court on the motion of Petitioner Jacob Bowman for a certificate of appealability of this court's February 23, 2009, order and judgment dismissing his habeas petition (Dkt. ## 26-27). Mr. Bowman did not initially file a motion for a certificate of appealability, but the court construes his notice of appeal (Dkt. # 28) as such a motion. The court has also considered Mr. Bowman's later-filed memorandum (Dkt. # 30) in support of his motion.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a habeas petitioner appealing the denial of a 28 U.S.C. § 2254 to obtain a certificate of appealability. 28 U.S.C. § 2253(c). Although the statute is largely silent as to procedures for obtaining a certificate of appealability, both the Federal Rules of Appellate Procedure and the Ninth Circuit's rules dictate that a district court should initially decide whether a certificate should issue. *See* Fed. R. App. P. 22(b)(1) ("If an applicant files a notice of

ORDER – 1

appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."); 9th Cir. Rule 22-1(a). A court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated that a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). The decision to issue a certificate of appealability turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003) (courts must focus on "the debatability of the underlying constitutional claim, not the resolution of that debate.").

The court entered judgment against Mr. Bowman after adopting the Report and Recommendation ("R&R") of Magistrate Judge Mary Alice Theiler. The R&R held that Mr. Bowman's petition was untimely. The court adopted that holding, and separately addressed Mr. Bowman's contention that the circumstances underlying his legal challenge effectively denied him federal review of the constitutional issues he raised in his petition. The court held that the Rooker-Feldman doctrine required Mr. Bowman to present these issues to the United States Supreme Court, not to a federal district court.

The court is unaware of any authority applying the Rooker-Feldman doctrine in circumstances like those Mr. Bowman presents. Although this court concluded that the doctrine applies and prevents it from hearing Mr. Bowman's petition, reasonable jurists could debate whether (or how) the Rooker-Feldman doctrine applies. Mr. Bowman should be permitted to present that issue on appeal.

ORDER – 2

For the reasons stated above, the court GRANTS Mr. Bowman's motion for a certificate of appealability (Dkt. # 28).

DATED this 31st day of March, 2009.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3